**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| REBECCA HARTMAN, JOSEPH TURNER, R.H., a minor, by and through her Guardian and Next Friend Rebecca Hartman, and E.T., a minor, by and through his Guardian and Next Friend Joseph Turner, on behalf of themselves and all other persons similarly situated, known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 3:23-cv-02995 |

**PLAINTIFFS' RESPONSE TO DEFENDANT META PLATFORMS, INC.'S**
**SUPPLEMENTAL AUTHORITY**

Defendant's Supplemental Authority is not persuasive to the issues before the Court.

**First,** Meta's central premise fails: parties' failure to cite *Stromberg* in post-*Stromberg* cases proves nothing. Courts are presumed to know and follow the law. The absence of *Stromberg*-based arguments across two decades suggests *Stromberg* does not state the legal standard for contracts containing *non-Illinois* choice of law provisions—which was not *Stromberg*'s factual scenario. Further, Meta's assumption that the Seventh Circuit was unaware of *Stromberg* in subsequent cases lacks merit. Two of *Stromberg*'s three panelists—Judges Evans and Rovner—later endorsed the "contrary to Illinois public policy" standard in cases with non-Illinois choice of law provisions. *See Smurfit Newsprint Corp. v. Se. Paper Mfg. Co*., 368 F.3d 944 (7th Cir. 2004) (J. Evans, with J. Manion and J. Kanne); *Thomas v. Guardsmark, Inc.*, 381 F.3d 701 (7th Cir. 2004) (J. Evans, with J. Posner and J. Wood); *Life Plans, Inc., v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343 (7th Cir. 2015) (J. Rovner, with J. Manion and J. Hamilton). Judge Evans and Judge Manion even cited *Stromberg* (for a different purpose) in 2003. *See Linc Equip. Servs. v. Signal Med. Servs.*, 319 F.3d 288, 289 (7th Cir. 2003). We cannot assume the Court was unfamiliar with *Stromberg* or that the Seventh Circuit allows parties' failure to raise arguments to alter the correct legal standard.

**Second**, the absence of *Stromberg*-based arguments confirms *Stromberg* does not state the legal standard when contracts contain *non-Illinois* choice of law provisions. *Stromberg* itself cited the Illinois Supreme Court's decision in *Hofeld v. Nationwide Life Ins. Co*., which requires courts to examine if a chosen law "is contrary to the public policy of this State." 322 N.E.2d 454, 460 (Ill. 1975). That analysis was unnecessary in *Stromberg* because the chosen law was Illinois law.

**Third**, in 2002—after *Stromberg*—the Illinois Supreme Court identified *Hofeld* and *Hartford v. Burns Int'l Sec. Servs., Inc.,* 526 N.E.2d 463 (Ill. App. Ct. 1988), as stating the legal standard for examining non-Illinois choice of law provisions. *See Belleville Toyota v. Toyota Motor*

*Sales, U.S.A.,* 770 N.E.2d 177, 194 (Ill. 2002). Both cited cases explained that non-Illinois choice of law provisions are not enforced if applying the chosen law "is contrary to the public policy of this State [Illinois]." *Hofeld*, 322 N.E.2d at 460. *See also Hartford,* 526 N.E.2d at 464 (chosen law not given effect where "the choice of law provision contravenes Illinois public policy"). Thus, even if *Stromberg* applied to the facts here (it does not), it predates the Illinois Supreme Court's 2002 articulation of the legal standard—one followed by the Seventh Circuit ever since.

**Fourth,** *Stromberg* does not conflict with other decisions because it involved no conflict between the chosen law (Illinois) and Illinois policy. But if this Court finds conflict within Seventh Circuit precedent, pre-*Stromberg* decisions control. Those decisions uniformly stated the "contrary to Illinois public policy" standard for examining non-Illinois choice of law provisions. *See Vencor Inc. v. Webb*, 33 F.3d 840, 844 (7th Cir. 1993) (citing *Sarnoff v. Am. Home Prods. Corp.*, 798 F.2d 1075, 1080 (7th Cir. 1986) (joined by J. Easterbrook)); *DeValk Lincoln Mercury, Inc. v. Ford Motor Co.*, 811 F.2d 326, 330 (7th Cir. 1987); *First Nat'l Bank v. Ettlinger*, 465 F.2d 343, 347 (7th Cir. 1972); *Silvest v. Monumental Gen. Ins. Co.*, 1993 U.S. App. LEXIS 17418, *9 (7th Cir. 1993). "One panel of [the Seventh Circuit] cannot overrule another implicitly. Overruling requires recognition of the decision to be undone and circulation to the full court under Circuit Rule 40(e)." *Brooks v. Walls*, 279 F.3d 518, 522-23 (7th Cir. 2002) (J. Easterbrook). *Stromberg* "did not propose to overrule any decision, and the panel did not circulate its opinion to the full court before release." *Id.* at 523. So *Vencor* and the other pre-*Stromberg* decisions "remain the law of the circuit." *Id.* Thus, if *Stromberg* is read to conflict with earlier decisions, *Vencor* and other pre-*Stomberg* decisions must be followed. *See also Fulcrum Fin. Partners v. Meridian Leasing Corp.*, 230 F.3d 1004, 1011 (7th Cir. 2000) (describing "contrary to Illinois public policy" standard, citing *Vencor*).

Meta's supplemental authority is unpersuasive and summary judgment should be denied.

Date: January 5, 2026

Respectfully submitted,

GOLDENBERG HELLER
& ANTOGNOLI, P.C.

By: */s/ Kevin P. Green*
Kevin P. Green, #06299905
Daniel S. Levy, #6315524
2227 South State Route 157
Edwardsville, IL 62025
Phone: (618) 656-5150
kevin@ghalaw.com
daniel@ghalaw.com

KEANE LAW LLC
Ryan A. Keane, #6301779IL
Sydney P. Marino, #78087MO
7711 Bonhomme Ave, Ste 600
St. Louis, MO 63105
Ph: (314) 391-4700
Fx: (314) 244-3778
ryan@keanelawllc.com
sydney@keanelawllc.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record.

*/s/ Kevin P. Green*