**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

REBECCA HARTMAN, JOSEPH
TURNER, R.H., a Minor, by and through
her Guardian and Next of Friend
REBECCA HARTMAN, and E.T., a
Minor, by and through his Guardian
and Next of Friend JOSEPH TURNER,
on behalf of themselves and all other
persons similarly situated known and
unknown,

      **Plaintiffs,**

v.

META PLATFORMS, INC.,

      **Defendant.**

Case No. 3:23-CV-02995-NJR

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, District Judge:**

On February 20, 2026, the Court denied a motion for summary judgment based on choice of law (the "Choice of Law Order") filed by Defendant Meta Platforms, Inc. ("Meta"). (Doc. 100). The Choice of Law Order declined to enforce a choice of law provision that selected California law to govern Plaintiffs' relationship with Meta, and which, if enforced, likely would have ended this litigation. Meta now moves for an order certifying the Choice of Law Order for interlocutory appellate review under 28 U.S.C. § 1292(b). (Doc. 103).

### BACKGROUND

The Court presumes familiarity with the facts and procedural history of this case as laid out in its order denying Meta's motion to dismiss (Doc. 42) and in the Choice of

Law Order (Doc. 100). It thus offers the following abbreviated background overview to frame its discussion in this order.

Meta is a social media company that allows users to communicate with friends and family through its Facebook Messenger and Messenger Kids applications (collectively "Messenger Applications"). The Messenger Applications allow users to superimpose filters and effects like bunny ears or cat whiskers on their face when communicating with others. Plaintiffs allege that Meta collected and stored their biometric identifiers and biometric information when they used the Messenger Applications and did so without their knowledge and consent in violation of the Illinois Biometric Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA").

Meta has insisted throughout this case that a choice of law provision in its Terms of Service bars Plaintiffs' BIPA claims (their only claims in this action). This provision, which Plaintiffs agreed to upon signing up to use the Messenger Applications, selected California law to govern their relationship with Meta. Thus, Meta maintains that Plaintiffs are barred from advancing claims against it under BIPA, an Illinois statute. The undersigned found that the choice of law provision was unenforceable, leading Meta to seek interlocutory appellate review of that decision under section 1292(b).

### DISCUSSION

A district judge may certify an order for interlocutory review if "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Four factors must

be met to justify an interlocutory appeal under section 1292(b): "there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation."[1] *Ahrenholz v. Bd. of Tr. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (emphases in original). "Unless *all* these criteria are satisfied, the district court may not and should not certify its order to [the court of appeals] for an immediate appeal under section 1292(b)." *Id.* at 676 (emphasis in original). "The criteria are conjunctive, not disjunctive." *Id.*

1.  Is there a question of law?

A question of law, as used in section 1292(b), concerns "the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Id.* "The idea [behind section 1292(b)] was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case." *Id.* at 677. Here, the question concerns the proper legal framework that governs the enforceability of a choice of law provision under Illinois's choice of law rules.

The Choice of Law Order determined that the governing law provision was unenforceable because it was against a fundamental public policy of Illinois and Illinois has a materially greater interest in this litigation than California. (Doc. 100). The Court stands firmly behind this decision. But, as explained in the Choice of Law Order, the

---

[1] A party seeking interlocutory appellate review under section 1292(b) must also file its petition "within a *reasonable time* after the order sought to be appealed." *Ahrenholz*, 219 F.3d at 675 (emphasis in original). Meta filed its petition 26 days after the Court denied its motion for summary judgment. This passage of time was reasonable.

Court encountered a "conflict" in Seventh Circuit precedent regarding how to properly analyze the enforceability of a choice of law provision under Illinois's choice of law rules. (*Id.*).

A critical question was whether the Seventh Circuit's decision in *Stromberg Metal Works, Inc. v. Press Mech., Inc.*, 77 F.3d 928 (7th Cir. 1996), provided the governing legal framework for the enforceability inquiry. *Stromberg* held that if the disputed issue is one that could be resolved by contract, then Illinois courts would "stop" the analysis and enforce the agreed-to choice of law clause. *Id.* at 933. Meta insists that *Stromberg* is the "beginning and the end" of the choice of law analysis because, assuming Plaintiffs could have contractually waived their BIPA rights, it mandates the enforcement of the California choice of law provision.

But more recent decisions from the Seventh Circuit have approached the issue differently. In *Smurfit Newsprint Corp. v. Se. Paper Mfg.*, 368 F.3d 944, 949 (7th Cir. 2004), the court explained that governing law provisions are only "generally" enforceable, subject to an "exception" that arises where "the express choice of law would both violate fundamental Illinois public policy and Illinois has a materially greater interest in the litigation than the chosen state" (quotation marks omitted). Since *Smurfit*, the Seventh Circuit appears to have eschewed *Stromberg*'s approach in favor of one this one, which *mandates* the consideration of Illinois's public policy and its interest in the case before enforcing a choice of law provision calling for the application of foreign law. *See* (Doc. 100) (collecting cases).

The articulation and interpretation of Illinois's choice of law rules is a question of

law because it concerns the meaning of a common law doctrine. *Stromberg* and *Smurfit* appear to offer distinct analytical approaches to this question that the Court was unable reconcile. Assuming Plaintiffs could have contractually waived their BIPA rights, *Stromberg* would *prohibit* the Court from considering what *Smurfit* appears to *mandate*. And for the reasons offered in the Choice of Law Order, the Court believed that *Smurfit* offered the analytical framework most closely aligned with that of the Illinois Supreme Court. Whether this decision was correct is one that the Seventh Circuit can decide quickly without extensive study of the record. Accordingly, the Choice of Law Order presents a question of law that is suitable for interlocutory appellate review under 28 U.S.C. § 1292(b).

2. Is it controlling?

The identification of the proper legal standard governing the choice of law inquiry in this case is also controlling. "A question of law may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996). Here, the application of *Stromberg* may lead to the application of California law. Indeed, if Plaintiffs could have contractually waived their BIPA rights (which they dispute and which this Court has not decided), then *Stromberg* appears to mandate the enforcement of the choice of law provision in Meta's Terms of Service. This, in turn, would likely end the case because Plaintiffs would be barred from advancing claims under BIPA. But even if the application of *Stromberg* does not lead to this endpoint (*e.g.*, because this Court or the Seventh Circuit determines that BIPA rights are not

waivable), the issue is still controlling because it would fundamentally alter the choice of law inquiry. *See First State Ins. Co. v. XTRA Intermodal, Inc.*, No. 3:22-CV-216, 2024 WL 2813812, at *3 (S.D. Ill. June 3, 2024) ("[I]t is not necessary for the question of law to be dispositive for it to be 'controlling' under section 1292(b)."). Thus, the Choice of Law Order presents a question of law that is controlling.

3. <u>Is it contestable?</u>

The question of how to examine the enforceability of the choice of law provision is contested. This conclusion is hardly surprising in light of the "analytical conflict" that the Court identified in the Choice of Law Order. Indeed, the Court found that it was "in a bind" when it considered the proper framework for the choice of law inquiry. And because the Court was unable to harmonize the analytical approaches laid out in *Stromberg* and *Smurfit*, it chose the *Smurfit* framework because it believed it was "more aligned with the Illinois Supreme Court's articulation of the law." It is thus apparent that the question of how to properly analyze the enforceability of a foreign choice of law provision under Illinois law is contestable. *See Thompson v. Burnett*, No. 1:15-cv-01712, 2017 WL 6606536, at *2 (S.D. Ind. Dec. 27, 2017) ("When considering contestability, courts examine the strength of the arguments in opposition to the challenged ruling, which includes examining whether other courts have adopted conflicting positions regarding the issue of law proposed for certification") (internal quotation marks omitted).

4. <u>Will an immediate appeal speed up the litigation?</u>

Whether an appeal would "speed up" this litigation depends on its outcome. If the Seventh Circuit accepts Meta's petition for interlocutory review and reverses the Choice

of Law Order, then the resolution of this action would be expedited because the application of California's substantive law would likely end the case. If the Seventh Circuit declines to hear the petition, however, or if it affirms the Choice of Law Order, then the proceedings would indeed be delayed because they will be on pause while the Seventh Circuit takes a look. So, the Court cannot *guarantee* that an interlocutory appeal would speed up the litigation.

But that does not mean that Meta's motion flunks the section 1292(b) standard. "[A]ll that section 1292(b) requires as a precondition to an interlocutory appeal, once it is determined that the appeal presents a controlling question of law on which there is a substantial ground for a difference of opinion, is that an immediate appeal *may* materially advance the ultimate termination of the litigation." *Sterk v. Redbox Auto. Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012) (emphasis in original). Here, there is certainly a *possibility* that an interlocutory appeal would expedite the "ultimate termination" of this case if the Seventh Circuit agrees with Meta and reverses the Choice of Law Order. That is enough to satisfy the final requirement of section 1292(b). *Id.*; *see also Stein v. Edward-Elmhurst Health*, No. 23-cv-14515, 2026 WL 594752, at *5 (N.D. Ill. Mar. 3, 2026) (certifying interlocutory appeal under section 1292(b) and recognizing that "[s]ometimes an early resolution can save resources, depending on the outcome on appeal.").[2]

---

[2] The Court recognizes that choice of law issues are generally not a favored topic for interlocutory appellate review. Indeed, the Seventh Circuit has explained that "one may not bring an interlocutory appeal of a district court's choice of law determination." *Gramercy Mills, Inc. v. Wolens*, 63 F.3d 569, 571 (7th Cir. 1995). In *First State*, this Court certified a choice of law question for interlocutory review under section 1292(b), even though *Gramercy Mills* and other relevant Seventh Circuit authorities had signaled a reluctance to accept such appeals. *First State*, 2024 WL 2813812, at *4 n.5. The Court did so because, in its view, "delaying appellate review could risk forcing the parties to engage in time-consuming and costly litigation under an

CONCLUSION

For these reasons, the Court **GRANTS** Defendant Meta Platforms, Inc.'s Motion to Certify the Choice of Law Order for Interlocutory Appellate Review pursuant to 28 U.S.C. § 1292(b) (Doc. 103). The Court **CERTIFIES** the following question to the United States Court of Appeals for the Seventh Circuit for appellate review:

> **Whether, under the choice of law rules of Illinois, courts must consider Illinois's public policy and its interest in the case before enforcing a choice of law provision calling for the application of a foreign state's law.**

Although the Court believes that this articulation of the issue properly narrows the scope of appellate review to a purely legal question as 28 U.S.C. § 1292(b) requires, it recognizes that the Seventh Circuit may wish to expand its review of the Choice of Law Order in any way it deems appropriate. *See In re Lion Air Flight JT 610 Crash*, 110 F.4th 1007, 1011 (7th Cir. 2024).

**IT IS SO ORDERED.**

**DATED:  May 15, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

---

incorrect legal framework." *Id.* In *First State*, the critical issue was whether insurance coverage was available to cover the costs of a significant environmental pollution. And because the proceedings had been trifurcated with choice of law being the first of three litigation phases, the Court preferred to give the Seventh Circuit an opportunity to review its choice of law determination before the parties embarked on potentially several more years of litigation under the wrong state's substantive laws.

Here, as in *First State*, the Court is mindful of the Seventh Circuit's indications that choice of law issues should ordinarily be appealed *after* final judgment. The Court nevertheless certifies the issue of how to properly examine the enforceability of the choice of law provision in this case because of what it sees as a conflict in circuit precedent that it could not reconcile. Thus, the Court believes, as it did in *First State*, that the relevant considerations under 1292(b) strongly favor immediate appellate review so that the parties and the Court may proceed with certainty about how to examine the enforceability of the choice of law provision, and ultimately, which state's substantive law will govern the case.